<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |
|---|
| FRANK RODRIGUEZ, <br><br> *Plaintiff*, <br><br> v. <br><br> STATE OF NEW JERSEY *et al*., <br><br> *Defendants*. |

Civil Action No. 26-1276

**OPINION AND ORDER**

June 18, 2026

**Semper**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Frank Rodriguez's ("Plaintiff") filing of a complaint (ECF 1, "Complaint" or "Compl.") and an application to proceed *in forma pauperis* (ECF 4, "IFP Application"), and this Court having screened Plaintiff's submissions for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 8(a); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying filing fees—that is, *in forma pauperis*—so long as the plaintiff demonstrates that he or she is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

**WHEREAS** a "District Court has discretion to determine whether to grant IFP" applications. *In re Kellam*, 628 F. App'x 85 (3d Cir. 2016) (citing *United States v. Holiday*, 436 F.2d 1079, 1079 (3d Cir. 1971)); and

1

**WHEREAS** based on Plaintiff's IFP Application, made under penalty of perjury, the Court finds that Plaintiff is without the means necessary to both pay filing fees and support himself financially.  Plaintiff states that he does not have an income and receives Social Security disability benefits in the amount of $922.73 each month.  (IFP Application at 2).  Plaintiff further indicates that he pays monthly expenses for housing, food, clothing, and laundry services in the amounts of $277, $298, $60, and $10, respectively.  (*Id.* at 4).  Having no employment, spouse, assets, or other form of financial assistance, (*id*. at 2–3), Plaintiff's retained money after expenses would not allow him to pay filing fees without sacrificing basic human necessities; and

**WHEREAS** having reviewed Plaintiff's application, the Court finds leave to proceed *in forma pauperis* is warranted, and the application is **GRANTED**; and

**WHEREAS** the legal standard for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B) is the same as that under Federal Rule of Civil Procedure 12(b)(6).  *See Shorter*, 12 F.4th at 371.  *Pro se* complaints are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted); *see also* Fed. R. Civ. P. 8(e).  However, a *pro se* complaint must still comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and citation omitted).  Factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  The factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must contain "more than labels and conclusions, and a

2

formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; and

**WHEREAS** Plaintiff is a resident of West New York, New Jersey.  (Compl. at 2.)  On February 9, 2026, Plaintiff filed this action under 42 U.S.C. § 1983 to challenge the Superior Court of New Jersey, Appellate Division's decision to continue his restrictions under Megan's Law, N.J.S.A. § 2C:7-2 *et seq.*, and parole supervision for life ("PSL"), § 2C:43-6.4(c), stemming from Plaintiff's conviction for endangering the welfare of a child, § 2C:24-4(a), in 2005 in the Superior Court of New Jersey, Law Division, Hudson County.  (ECF 1-4 at 13.)  Defendants are the State of New Jersey, Superior Court of New Jersey, Hudson County, Hudson County Prosecutor's Office, and New Jersey Office of the Public Defender, each in its official capacity.  (Compl. at 2–3.)  On September 26, 2022, the Superior Court of New Jersey, Appellate Division affirmed the Law Division's denial of Plaintiff's motion to terminate his Megan's Law registration and PSL.  (ECF 1-4 at 12.)  Accordingly, Plaintiff remains subject to Megan's Law and PSL restrictions.  (*Id.*); and

**WHEREAS** on December 21, 2022, the New Jersey Office of the Public Defender filed a letter in lieu of a formal petition for certification on behalf of Plaintiff in the Supreme Court of New Jersey.  (*Id.* at 1.)  The letter argues that the phrase, "not likely to pose a threat to the safety of others," within Megan's Law and PSL is ambiguous.  (*Id.* at 8.)  Although the record is unclear on the status of Plaintiff's case in the Supreme Court of New Jersey, Plaintiff requests that this Court terminate his continued restrictions under Megan's Law, correct the Appellate Division's records, and order disability accommodations.  (ECF 1-2 at 2); and

**WHEREAS** the facts alleged in Plaintiff's *pro se* Complaint are insufficient to state a claim upon which relief may be granted because they ask the Court to grant relief from a defendant

3

who is immune from such.  Plaintiff attempts to bring a constitutional claim under 42 U.S.C. § 1983; however, the allegations set forth concern judicial actions in an official state court proceeding, which is covered by the doctrine of judicial immunity.  *See, e.g.*, *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) (noting that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly").  Plaintiff moved to terminate his Megan's Law registration and PSL in January 2021, whereupon Judge Young of the Superior Court of New Jersey, Law Division, Hudson County, acting in his official capacity, denied Plaintiff's motion, citing concerns of Plaintiff's possibility of recidivism.  (ECF 1-4 at 14–15.)  Accordingly, Plaintiff's Complaint against the Superior Court of New Jersey, Hudson County is **DISMISSED** without prejudice; and

**WHEREAS** Plaintiff further attempts to bring a constitutional claim under § 1983 against the Hudson County Prosecutor's Office, which is equally protected from civil suit under the doctrine of prosecutorial immunity.  *See, e.g.*, *Imbler v. Patchman*, 424 U.S. 409, 431 (1976) (holding that a prosecutor is immune from civil action under § 1983 when performing official duties and "presenting the State's case").  The Hudson County Prosecutor's Office charged Plaintiff for endangering the welfare of a child under N.J.S.A. § 2C:24-4(a), which triggers Megan's Law and PSL restrictions, thus presenting the State of New Jersey's case in the official duties of a prosecutor's office.  Accordingly, Plaintiff's Complaint against the Hudson County Prosecutor's Office is **DISMISSED** without prejudice; and

**WHEREAS** Plaintiff also attempts to bring a constitutional claim under § 1983 against the New Jersey Office of the Public Defender.  "A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal

4

proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff alleges the public defender assigned to represent him "failed to defend [his] disability or challenge the state." (Compl. at 4.) Because the public defender does not act under the color of state law for purposes of § 1983, Plaintiff's Complaint against the New Jersey Office of the Public Defender is **DISMISSED** without prejudice; and

**WHEREAS** the *Rooker-Feldman* doctrine precludes a plaintiff from bringing an action in federal court as a means of appealing a state-court decision "because appellate jurisdiction rests solely with the United States Supreme Court." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009). The *Rooker-Feldman* doctrine applies upon the satisfaction of four elements: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Here, Plaintiff (1) was convicted under N.J.S.A. § 2C:24-4(a) in state court; (2) alleges injuries of emotional distress, difficulty obtaining employment and housing, and "harm from being labeled a danger," all arising from the state court judgments (ECF 1-2 at 2); (3) the Appellate Division affirmed Plaintiff's continued restrictions in 2022, prior to Plaintiff filing the Complaint; and (4) Plaintiff asks this Court to render a judgment in opposition of the state courts below. Therefore, Plaintiff's Complaint is **DISMISSED** without prejudice in its entirety under the *Rooker-Feldman* doctrine.

Accordingly, **IT IS** on this 18th day of June, 2026,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims under 42 U.S.C. § 1983 against the State of New Jersey, Superior Court of New Jersey, Hudson County, Hudson County Prosecutor's Office, and New Jersey Office of the Public Defender, each in its official capacity, are **DISMISSED WITHOUT PREJUDICE**. Plaintiff has forty five (45) days to file an amended complaint that corrects the deficiencies discussed above. Failure to timely file an amended complaint may result in the dismissal of this matter with prejudice; and it is finally

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter, subject to reopening if Plaintiff files an amended complaint; and it is finally

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     Stacey D. Adams, U.S.M.J.